# Richmond.

YANCEY v. RADFORD & ALS.

MARCH 6,. 1890.

PARTITION—*Husband and wife—Heirs—Estoppel—Case at bar.*—The heirs made partition, by deeds, of their ancestor's lands. The deed to one of them and her husband grants 242 acres (her share) as follows: "The parties of the first part" (the other heirs) "do grant, relinquish, and release unto the parties of the second part, and to the heirs of the female party of the second part," &c. The deed contained no warranty. Similar deeds were made to the other heirs respectively. No other consideration passed. The wife died without having had children. The husband claimed an estate for his own life in one-half of the tract so conveyed to himself and his wife. HELD: 1. The deed operated only as a partition and an allotment of the wife's share of the ancestor's realty. 2. It conveyed no estate to the husband as against the heirs of his wife, who were not estopped by their deed from claiming title to said 242 acres.

Argued at Wytheville.    Decided at Richmond.

Appeal from decree of circuit court of Pulaski county rendered at its October term, 1887, in the chancery cause wherein J. Lawrence Radford, Gabriel C. Wharton and Nannie R., his wife, and Richard H. Adams and Elizabeth, his wife, were the complainants, and William T. Yancey, Jr., was the defendant. The object of this suit was to assert the claims of J. Lawrence Radford and the female complainants as heirs of their sister, Mrs. Mary McC. Yancey, deceased, who in her lifetime was the defendant's wife, and who died intestate and without having had children, to a tract of 242 acres of land in said county,

which, in the partition of their ancestor's real estate, had been conveyed, without warranty, by the complainants to said Yancey and wife and to the heirs of the said wife. The circuit court decided that Yancey was entitled to one-half of said land for his own life, and that the said J. Lawrence Radford and the female complainants were entitled to the other half in fee, and directed an account of one-half of the rents and profits since the death of Mrs. Yancey. From this decree the said W. T. Yancey, Jr., appealed. Opinion states the case.

*James A. Walker* and *R. G. H. Kean*, for the appellant.

*W. R. Staples, G. W. & L. C. Hansbrough*, and *Phlegar & Johnson*, for the appellees.

LACY, J., delivered the opinion of the court.

Dr. John B. Radford and Elizabeth C., his wife, of Montgomery county, Virginia, were the owners of valuable real estate. They had four children: Nannie R., the wife of G. C. Wharton; Elizabeth, who married R. H. Adams; Mary McC., who married the appellant, William T. Yancey, Jr.; and a son, J. L. Radford. In 1869 Dr. Radford and wife executed a writing, not under seal, by which the said Wharton and wife were put in possession of a part of their real estate. In 1871 the said Yancey and wife, by leave of Dr. Radford, moved upon and took possession of the northern one-half or part of the farm called Rockford, and Adams and wife did the same as to the southern part of the said Rockford farm, and a partition line was subsequently run between the two parcels. Dr. Radford having died in 1877, a creditors' suit was instituted to subject his real estate to the payment of his debts. In 1879 an agreement was entered into between Mrs. Radford, Dr. Radford's widow, and the said heirs, and the husbands of such as were married, providing for sales from the respective shares of

parties named above, and of J. L. Radford, in such way as to make all the shares equal, and to pay all the debts. And the shares of each of the daughters should be conveyed to them and their husbands, remainder to the heirs of the wife, etc., and the share of the said J. L. Radford to be conveyed to him. In execution of this agreement, the northern part of the said Rockford farm was conveyed by the said widow, and other heirs than Yancey and wife, to the said Yancey and wife, which set forth that "for divers good and valuable considerations, to them moving and by them received, and for the further consideration of one dollar to them in hand paid, the said parties of the first part, do grant, relinquish, and release unto the said parties of the second part, and to the heirs of the female party of the second part, all that certain tract or parcel of land, part of the estate known as Rockford, lying in the county of Pulaski and the state of Virginia, on the southwest side of New river, containing two hundred and forty-two acres, and bounded as follows, viz;" without warranty or other covenants added. Similar deeds were made to the other parties. Mrs. Yancey died without having had any children, her husband living. The heirs of Mrs. Yancey brought this suit to partition the Yancey part of Rockford farm. The circuit court, by the decree complained of and appealed from here, decided that William T. Yancey was entitled to one-half of the land in question for life, remainder to the complainants, and that the complainants were entitled to the other half in fee-simple, and directed an account of one-half of the rents and profits since Mrs. Yancey's death. From this decree the said W. T. Yancey appealed, and on the hearing the appellees assign error, under rule 9 of this court, as against them—that is, the land allotted to Yancey and wife is claimed by the appellant to be his absolute property under the above-recited deed; while, on the other hand, the appellees claim that the property in question was the real estate of the wife, descended from her father, and that she having died childless, no child having been born

of her marriage, the husband was not entitled to curtesy in her land, and took nothing under the said deed.

The deed in question operated a partition of the said lands of Dr. John B. Radford, and conveyed no estate to the appellant. The land involved in this dispute, the northern part of the Rockford farm, was the share of Mrs. Yancey in the lands inherited by her and the other heirs. This was ascertained to be her share by proceedings employed to divide the Radford lands, set forth above. It was granted, relinquished, and released to Yancey and wife and the heirs of the wife. This was doubtless intended by the parties to be considered, along with the deeds to the other heirs, as operating as a partition of the Radford lands among the Radford heirs. There was no other consideration for any part of the transactions. The Radford heirs owed nothing to William T. Yancey. He had not, and there is no pretense that he had, any claim whatever against them, except such as he claimed through his wife. It is unreasonable to suppose that they intended to give him or to grant him anything not his own. But suppose they did; and suppose, as is so earnestly claimed, that this was a family settlement and compromise between the parties, and that, by this family settlement, Yancey was to be given or granted the lands of his wife, and this deed was for that purpose drawn and executed. What did the Radford heirs grant by their deed to Yancey? Concede that they granted all they had in these lands, what was that? It was the share of Mrs. Yancey; it was no part of their shares. They had no interest whatever in Mrs. Yancey's share of her father's land. Having received their own, Mrs. Yancey was entitled to receive hers. It was hers by descent from her father, in absolute property, once designated, separated from the residue, which went to her brother and her sisters. It passed, under her right of inheritance, to her; and the other heirs, having received their full allotment of the same, could no more withhold than grant—it was not their property. No title passed by this deed, nor by

any of the deeds. The transaction operated a partition of the, Radford lands. No deed at that time was required (Code Va., sec. 2413, in effect May 1, 1888) to effectuate a voluntary partition (*Bolling* v. *Teel*, 76 Va., 487; Acts 1885–86, p. 524, act approved March 6, 1886). It has been often said that "partition between coparceners neither amounts to nor requires an actual conveyance. It is less than a grant. Its operation is not to pass the land by a fresh investiture of the *seisin*, for coparceners are supposed to be already in possession of the whole lands. Partition, therefore, makes no degree; it only adjusts the different rights of the parties to the possession. Each does not take her allotment by purchase, but is as much seised of it by descent from the common ancestor as she was of her undivided share before partition." Alln. Part., 124, 128. This citation from Allnatt on Partition has been often approved. 1 Lomax Dig. (2d ed.), 634; *Bolling* v. *Teel*, 76 Va., 493; 2 Min. Inst. (2d ed.), 439—where the same is cited from Lomax Dig., *supra*.

This deed, standing alone, and all the deeds standing together, could effect nothing more. Neither the husband nor the other heirs could do any act which would divest the title of Mrs. Yancey in these lands. It could only be done by Mrs. Yancey herself, in the mode prescribed by law. *Norman* v. *Cunningham*, 5 Gratt., 63; *Rorer* v. *Roanoke National Bank*, 83 Va., 589. Mrs. Yancey has not conveyed, nor in anywise aliened or relinquished, her title in the said land, and died without having given birth to any children. It passed to her heirs at her death, whomsoever they may be, and the appellees herein are conceded to be such heirs. The husband has no title by the curtesy, having had no child born to him of the marriage. But he claims to hold the land under the deed from the other heirs (1) by reason of the grant to him therein, which appears wholly untenable; and (2) by the principle of estoppel, against the heirs of Mrs. Yancey. And this latter claim the judge of the circuit court has conceded as to one-

half of the said land upon his construction of this deed. But there is no estoppel growing out of this deed. There was no warranty therein, and its whole scope and object, and its only legal effect, was to set apart and effect a partition of the Radford lands—" adjust the different rights of the parties to the possession." It was a grant by the Radford heirs only to this extent, and can operate no further, either by way of estoppel or otherwise. The appellees do not deny, but concede this, and the deed in no way hinders their claim. Mr. Yancey could not have claimed this land against his wife, nor against her heirs except so far as he could have claimed as tenant by the curtesy, if the heirs were the children of the marriage; nor could he have compelled her to convey. She has not conveyed, there were no children born of the marriage, and the husband has no interest in these lands since the death of his wife. And the circuit court erred in its decision that he was entitled to one-half of these lands for life, and to that extent the decree will be reversed in the interests of the appellees, at the cost of the appellant, and the case remanded to the circuit court for an account of the rents and profits since the death of Mrs. Yancey, and for further proceedings in order to a final decree in the cause.

LEWIS, P., and HINTON, J., dissented.

DECREE REVERSED IN FAVOR OF THE APPELLEES.