# Wytheville.

## Sharitz v. Moyers and Others.

### June 27, 1901.

1. Partition—*Assignment of Wife's Share to Husband and Wife.*—Where, upon partition of real estate among joint tenants, the share of one of them, who is a married woman, is released to her and her husband by the other joint tenants, such release does not vest in the husband any title in the portion set apart to his wife.
2. Judgments—*Docketing—Notice—Lis Pendens.*—Purchasers of land are conclusively affected with notice of judgments duly obtained and docketed against the owner, and no *lis pendens* or other notice of a suit to subject the land to such judgment is needed to affect them.
3. Purchasers Pendente Lite—*Case in Judgement.*—For reasons of public policy, a *pendente lite* purchaser, in the absence of statue, is placed in the shoes of his vendor, and, upon becoming a party to the litigation, will be substituted to the position and rights of his vendor. Under all the circumstances of the case in judgment, the *pendente lite* purchaser should have been accorded the relief prayed in his petition which is established by the exhibits therewith filed, and in his answer, to which no replication is filed, and both of which were filed before final decree.
4. Judgments—*Lien—Interest of Debtor.*—Where statutory enactments do not interfere, only the actual interest of a judgment debtor can be subjected to sale to satisfy judgments against him.

Appeal from a decree of the Circuit Court of Wythe county, pronounced at September term, 1899, in a suit in chancery, wherein the appellee, A. A. Moyers, was the complainant, and the appellant was admitted as a party defendant.

*Reversed.*

The opinion states the case.

*C. B. Thomas*, for the appellant.

*M. M. Caldwell* and *Robert Crockett*, for the appellees.

KEITH, P., delivered the opinion of the court.

The bill in this case was filed by Mrs. A. A. Moyers to enforce the payment of certain judgments against the real estate of W. F. Blessing and S. J. Blessing, his wife, and James A. Walters. She sets out in her bill that Blessing and wife are the joint owners of a tract of land in Wythe county, containing 30⅓ acres, conveyed to them by Samuel Williams and wife, by deed dated March 10, 1870, and that W. F. Blessing is the owner of another tract of land in said county, containing seven acres and a fraction. She avers that her judgments constitute liens upon these several tracts of land, and that the rents, issues and profits thereof will not pay them in five years; that Blessing and wife conveyed both tracts by deed of January, 1884, to C. B. Thomas, trustee, to secure to C. A. Ewald the sum of $100, and makes Blessing and wife, Walters, Sexton the assignor, Thomas trustee, and C. A. Ewald, the beneficiary under the trust, parties defendant.

At the February term, 1895, the cause came on to be heard upon the bill taken for confessed as to all the defendants, and was referred to a commissioner to report the lands owned by the defendants, the liens thereon and their priorities. The commissioner reported that Blessing was the owner of the seven acres of land; that he and his wife were the joint owners of the 30⅓ acres of land described in the bill, and that James A. Walters is the owner of a tract containing 107¾ acres, and stated an account of the judgments against the several defendants.

At the February term, 1896, the cause came on to be heard upon the papers formerly read, the answers of Walters and the replication thereto, the report of the commissioner, upon certain exceptions which were sustained, and need not be further noticed; and the court, approving the report in other respects,

and holding that the undivided moiety of the 30-acre tract of land and the seven-acre tract were liable for the liens reported against William Blessing, appointed commissioners to sell upon the terms named in the decree.

At a subsequent term the commissioners reported that the moiety in the 30-acre tract had been sold to one J. M. Sayers for the sum of $120, and the seven acres to Williams at $101. In this report the commissioners state that a question has arisen as to the title to the 30-acre tract, and that one Sharitz has filed a petition setting up a claim to it, and the commissioners therefore make no recommendation with reference to its confirmation. Sharitz filed an exception to this report, and Sayers, the purchaser, also excepted because of a defect in the title to the tract purchased by him.

. At the September term, 1896, Sharitz filed his petition, in which he states that on the 7th day of November, 1870, Thomas Yonce executed a deed to William Huffard, trustee, by which he conveyed to him 126 acres of land "in trust for the sole and exclusive use, benefit and enjoyment of his three daughters, Mary A. Williams, the wife of Samuel Williams; Rachel Williams, the wife of Andrew Williams, and Sarah J. Blessing, the wife of William Blessing, which deed was duly admitted to record in the clerk's office of Wythe County Court; that afterwards the said daughters and beneficiaries in said deed made partition among themselves of the said tract of land; that, on March 10, 1871, Samuel Williams and wife and Andrew Williams and wife made a deed of release, for partition, to William Blessing and Sarah J. Blessing, for the portion of land which fell to the lot of Sarah J. Blessing; and William Huffard, trustee, sanctioned said partition by a writing above his signature, appended to said deed." Copies of these deeds were filed with the petition.

The petitioner then avers that on the 7th of November, 1895, he purchased of Sallie J. Blessing the 30⅓ acres of land for the price of $1,100 cash in hand, as is shown by the deed from Sallie

J. Blessing and her husband filed as an exhibit with the petition. The petition states "that part of the purchase price mentioned in the deed as paid by your orator was a debt for $250 due to Charles Ewald which your petitioner assumed to pay, but which he has not paid, but the payment of which he satisfactorily arranged with said Ewald."

The petitioner further shows that, on the 7th of September, 1895, two months before his purchase, an agreement was entered into between A. A. Moyers, plaintiff in this suit, and Sallie J. Blessing, as follows:

" In consideration that Sallie J. Blessing shall pay me twenty-five dollars on Monday next, I agree to release her from all liens reported in the report of Commissioner W. L. Stanley filed in said cause except a lien of seventy dollars, with interest from this date, which lien against her I will not enforce for six months from this date, and when said sum of seventy dollars is paid, I then agree to release all liens against her in said report mentioned. This agreement is not binding unless said sum of twenty-five dollars is paid on Monday next."

The petitioner further avers that the amount so agreed to be paid has in fact been paid, and no further claim is now sought to be enforced in said suit against Sarah J. Blessing; that after the petitioner had made the purchase from Sarah J. Blessing she and her husband moved to Tennessee and gave no further attention to the suit; that the petitioner is the *bona fide* purchaser of said land for a valuable consideration, without actual notice that any suit was pending, in which it was claimed that William F. Blessing had any interest in said land which could be subjected to the payment of the judgments against him.

Petitioner relies upon the deeds from Yonce to Huffard, trustee, and the deed of partition among the daughters of Thomas Yonce, heretofore mentioned, as showing that William F. Blessing had no interest whatever in the 30-acre tract of land, but that

Sarah J. Blessing had a full and complete title thereto, which by her deed, in which her husband united, passed to and vested in petitioner.

The prayer of the petition is that Sharitz may be made a party defendant; that the court refuse to confirm the sale of the moiety in said land, quiet the title of petitioner to the whole of the tract purchased by him from S. J. Blessing, and establish his title to the same by declaring that William F. Blessing had no interest in the land that was liable to the payment of the judgments against him, and for such other and general relief as to equity and good conscience shall seem meet.

Sharitz having filed his petition, process was directed to be served upon Mrs. Moyers and Walters to answer it; and the cause coming on to be heard upon the papers formerly read, the report of the commissioners of sale, and the exception to the sale of the 30-acre tract of land, the court confirmed the sale of the seven-acre tract, but declined at that time to pass upon the exceptions with respect to the other tract, and the cause was continued.

Subsequently, Mrs. Moyers and James A. Walters filed their answers to the petition of H. L. Sharitz, in which they set forth the proceedings had in this cause, and take the ground that as the court had acquired jurisdiction over Blessing and wife and their land, they had no power to convey it by their deed of November 7, 1895; that by said deed Sharitz "acquired no other right or interest except such as belonged to Mrs. Sallie J. Blessing or her husband, and this right or interest of theirs had already been condemned to be sold for the payment of the liens which subsisted upon it."

By an order of the September term, 1898, the court sustained the exception of J. M. Sayers, the purchaser of the 30⅓-acre tract of land, set aside the sale made to him by the commissioners, and directed his cash payment to be returned, and his bonds to be cancelled.

Upon some day, not stated in the order, Sharitz was permitted to file his answer, in which he reiterates substantially what was said in his petition.

At the same time I. R. Harkrader, sheriff of Wythe county and as such claiming to be the administrator of Sarah J. Blessing, presented his demurrer and answer to the same effect, "and on motion of I. R. Harkrader, administrator of S. J. Blessing, and of Henry L. Sharitz, they each have leave to file their answers in this cause, and the same are accordingly filed." To the answers thus filed there seem to have been no replications.

Immediately following the order permitting the answers to be filed, appears the decree of September term, 1899, which brings the cause on to be heard upon the papers formerly read, but says nothing with respect to the answers, and directs that the petition of Sharitz be dismissed, "and it appearing to the court that one-half undivided interest in said 30-acre tract of land belonged to William F. Blessing, and is subject to the judgment liens against him reported in this cause, it is therefore adjudged, ordered and decreed that a commissioner be appointed to sell" the same upon the terms set out in the decree.

From this decree an appeal was allowed by one of the judges of this court.

We are of opinion that the court erred in holding that William F. Blessing was the owner of an undivided interest in the 30-acre tract of land. This tract is a part of the 126 acres conveyed by Thomas Yonce by his deed dated November 7, 1870, to William Huffard, trustee for his three daughters. The deed of March 10, 1871, which sets out that these three daughters were seised as tenants in common of the tract of 121 acres, proceeds as follows:

" Now, therefore, in consideration of the benefits resulting to the parties hereto from a partition of said land, and for the further consideration of one dollar in hand paid by the parties

of the second part to the parties of the first part, the said parties of the first part do hereby release, convey, bargain, and sell unto the said parties of the second part all right, interest and title which they have in and to two certain parcels of the above tract of land, containing by actual survey about thirty acres and fifty-three poles, bounded and described as follows:   *   *   *   *"

This deed is signed by Samuel Williams and wife, and by Andrew Williams and wife, and the effect of it is to partition and set apart to Sarah J. Blessing her share of the 121 acres of land conveyed by Thomas Yonce to Huffard, trustee, for the benefit of herself and her two married sisters, Nancy and Rachel Williams, and does not operate to vest any title in her husband. *Bolling* v. *Teel*, 76 Va. 492; *Dooley* v. *Baynes*, 86 Va. 649.

The further contention of appellees is that, at the time Sharitz became the purchaser, a decree had been entered by a court of competent jurisdiction in a case to which Blessing and wife were parties, by which it had been adjudged and decreed that title to a moiety of the land in controversy vested in William F. Blessing, and was bound by the judgments against him, and that Sharitz, having purchased it *pendente lite* took it subject to what had been decided in the cause of *Moyers* v. *Blessing*.

Upon the other hand, it is contended by Sharitz that, as he had no actual notice of the pendency of that suit he is not bound by the proceedings in it, no *lis pendens* having been filed in accordance with the statute.

Disposing of the latter contention first, we are of opinion that the doctrine invoked by the appellant does not apply, for if Blessing was the owner of the land it would be bound by judgments against him duly obtained and docketed, and purchasers would be conclusively affected by such judgments.

The doctrine of a court of chancery with respect to a purchaser *pendente lite* is thus stated in Story's Eq. Jur., sec. 406: "Ordinarily, it is true, that the decree of a court binds only the

parties and their privies in representation or estate. But he who purchases during the pendency of a suit, is held bound by the decree that may be made against the person from whom he derives title." And, in section 361 of Story's Eq. Pleadings, it is said: " The voluntary alienation of property, pending a suit, by any party to it, is not permitted to affect the rights of the other parties, if the suit proceeds without a disclosure of the fact, except so far as the alienation may disable the party from performing the decree of the court." And to the same effect is Mitford's Pleadings, page 172.

The rule rests upon a principle of public policy; for otherwise, alienations made during a suit might defeat its whole purpose, and there would be no end to litigation. Story's Eq. Jur., *supra.* It places the purchaser *pendente lite* in the shoes of his vendor, and upon becoming a party to the litigation he will be substituted to the position and rights of his vendor.

In this case, when Sharitz filed his petition asking to be made a party to the suit, he virtually prayed that the decree establishing the right of the plaintiff to subject the land in controversy to the lien of judgments against William F. Blessing might be vacated and annulled. There is in terms no such prayer, but the petition asks the court to refuse the confirmation of the sale; that the title of petitioner be quieted under his deed from Sallie J. Blessing; that the court will declare that Blessing had no interest in the land liable to judgments against him, and for other and further relief. Mrs. Blessing had never answered the bill. She doubtless thought that she was protected by the agreement of September, 1896, by which she was released from all liability beyond the sum of $95. Sharitz was permitted to file his petition and his answer. At that time the sale to Sayers had been set aside upon the ground that the title purchased by him was in controversy. It might well be argued that the effect of that decree was to leave the whole matter open. If the statements of the petition, which are established by exhibits filed therewith,

be true; if the answer, to which no replication was filed, be true, then Sharitz, standing in the shoes of Mrs. Blessing, and occupying a position neither better nor worse than hers, was entitled to have the adverse adjudication made by the original decree of reference annulled, if indeed it had not been done already by the subsequent decree which set aside the sale to Sayers, for we think that under our statute Mrs. Blessing had the right, had she seen fit to do so, to appear and answer at any time before a final decree.

Section 3275 is as follows: "At any time before final decree, a defendant may be allowed to file his answer, but a cause shall not be sent to the rules or continued because an answer is filed in it, unless good cause be shown therefor."

Without undertaking to discuss at length the effect, if any, of delay in filing an answer, or the extent to which a defendant might be prejudiced thereby; without undertaking to say whether or not the courts can impose any conditions in consequence of such delay, except such as are mentioned in the statute, we are of opinion that, under the circumstances of this case, none of the decrees being final, the answer and petition of Sharitz should have been considered (1 Barton's Ch. Pr. (2d ed.), pp. 405-6; *Bowles* v. *Woodson*, 6 Gratt. 78; *Bean* v. *Simmons*, 9 Gratt. 289; *Welch* v. *Solenberger*, 85 Va. 444); and that upon the whole record the judgments against William F. Blessing cannot be enforced against the 30⅓ acres of land in which he had neither right nor title, "for nothing is better settled in Virginia than that where statutory enactments do not interfere, only the actual interest of the judgment debtor can be subjected to sale to satisfy judgments against him." *Dingus* v. *Minneapolis Imp. Co.*, 98 Va. 737, and authorities cited.

The cause will therefore be remanded to the Circuit Court with instructions to proceed in the ascertainment and enforcement of liens upon the land in the bill mentioned in accordance with the views expressed in this opinion.

*Reversed.*