# Richmond.

WRIGHT AND OTHERS v. JOHNSON AND OTHERS.

November 19, 1908.

1. PARTITION—*Deeds—Code, 1887, Sec. 2565—Assignment of Wife's Land to Her Husband—Retrospective Effect of Sec. 2565.*—The object of the act of March 6, 1866, which, in substance, was carried into the Code of 1887 as section 2565, was to do away with the necessity for conveyances between the parties, or by a commissioner of the court in partition suits, in order to invest the several co-owners with the legal title to the land allotted to each in the partition suit. Section 2565, in substance, provides that the decree of partition, *ex proprio vigore*, shall vest the ancestor's title in the several co-owners without the necessity of conveyances, and the enactment was expressly made retrospective. Prior to that enactment, the assignment of the wife's land to the husband in the partition suit did not deprive her of her inheritance, and if it was the intention of the legislature to do so by the act aforesaid, then to that extent the act is invalid, because in excess of legislative power. Under such an assignment the wife is the owner of the land subject to whatever estate the husband has in consequence of the marriage.

2. STATUTES—*Retrospective.*—Healing statutes must in all cases be confined to validating acts which the legislature might previously have authorized. The legislature cannot make good retrospectively acts or contracts it had and could have no power to permit or sanction in advance.

3. COURTS OF GENERAL JURISDICTION—*Presumption as to Jurisdiction.*—Where the judgment of a court of general jurisdiction is called in question, there is a presumption that it had jurisdiction both of the subject matter and of the parties unless the contrary appears from the record.

4. PLEADING—*Withdrawing Plea—Disclaimer.*—A defendant for whom a plea has been filed inadvertently and without authority, may withdraw his plea, and file a disclaimer if he so desires.

5. PLEADING—*Disclaimer—Evidence—Grantor With General Warranty Testifying for or Against Grantee.*—The fact that a defendant,

before suit brought, had conveyed land to another defendant with covenants of general warranty does not deprive him of his right to file a disclaimer and testify for the plaintiff. His liability to his vendee on his warranty is not affected by his disclaimer. He was competent at common law to testify against his vendee, and now, since incompetency by reason of interest has been abolished, he is a competent witness for as well as against his vendee.

6. EJECTMENT—*Improvements—Growing Crops—Code, Sec. 2760.*—In order to entitle an unsucessful defendant in an action of ejectment to recover for improvements placed upon the land, the improvements must, under the provisions of section 2760 of the Code, not only have been placed there in good faith, but must be of a permanent character and such as enhance the value of the land. Growing crops and fertilizers used to produce them are not of this permanent character, nor can a party be said to be acting in good faith in putting improvements on land when he knows that, at best,  ·
he has only a life estate in the land.

Error to a judgment of the Circuit Court of Rockingham county in an action of ejectment. Judgment for the plaintiffs. Defendants assign error.

*Affirmed.*

The opinion states the case.

*John E. Roller* and *Sipe & Harris,* for the plaintiffs in error.

*Charles A. Hammer, Chas. D. Harrison, James B. Stephenson,* and *D. O. Dechert,* for the defendants in error.

BUCHANAN, J., delivered the opinion of the court.

This is an action of ejectment, brought in the Circuit Court for Rockingham county against the plaintiffs in error and others, to recover a tract of land containing one hundred and fifty-eight acres, in which there was a verdict and judgment in favor of the defendants in error.

A suit was instituted in the county court of that county, in or prior to the year 1865, for the partition of the lands of Catherine Haynes, deceased. The commissioners appointed to make the partition among her heirs at law reported that they had

ascertained that she had seven legal heirs; that they had laid off and assigned the lands in the manner set out in their report.

The land in controversy in this case was assigned in the following language, viz.: "We assign to William Haynes lot No. 5," describing it. Their report of partition was confirmed by the court at its January term, 1866, and ordered to be recorded, which was done. All the papers in the partition suit seem to have been lost or destroyed, except the report of the commissioners and the decree confirming it. No deeds of conveyance were executed by any of the parties, nor were any required by the decree of the court.

It appears further that William Haynes was the husband of Mary Ann Haynes, a daughter of Catherine Haynes, deceased, and one of her legal heirs. Mary Ann died in the year 1900, without having had issue. In the year 1906, William Haynes executed a deed, which conveyed, if he had legal title to it, the land in controversy to the plaintiffs in error, and in the year 1907 this action was instituted against them and others by the heirs at law of Mary Ann Haynes.

The principal question involved in the case is whether or not the effect of the partition suit, aided by section 2565 of the Code, was to divest Mary Ann Haynes of the title to the lands inherited from her mother and invest her husband with the legal title thereto. If that was the effect, then the defendants in error were not entitled to recover in this action.

It is conceded, as we understand the argument of the counsel for the plaintiffs in error (and if it were not it is clear, we think), that if the law had remained as it was when *Bolling* v. *Teel,* 76 Va. 487 was decided, the assignment of the wife's lands to the husband in the partition suit would not have operated to deprive her of her inheritance and to invest her husband with the legal title thereto. See also, *Yancey* v. *Redford,* 86 Va. 638, 10 S. E. 972; *Dooley* v. *Baynes,* 86 Va. 644, 10 S. E. 974; *Shautz* v. *Mayor,* 99 Va. 519, 39 S. E. 166.

The object of the act of March 6, 1886 (Acts 1885-6, p. 625), which in substance was carried into the Code of 1887 as section

2565, was to do away with the necessity for conveyances between the parties or by a commissioner of the court in partition suits, in order to invest the several co-owners with the legal title to the land allotted to each in the partition suits. Section 2565, in substance, provides, that the decree of partition, *ex proprio vigore,* shall vest the ancestor's title in the several co-owners without the necessity of conveyances, and the enactment is expressly made retrospective.

The power of the legislature to make the provision retroactive is clear, where the persons to whom allotments were made were the real owners of the shares allotted them and only lacked the naked legal title to make them complete owners of the shares allotted to them respectively.

The power of the legislature to make statutes retroactive in such cases is stated by Judge Cooley as follows, in his work on Constitutional Limitations (6th ed.), p. 457: "If the thing wanting or which failed to be done and which constitutes the defect in the proceedings, is something the necessity for which the legislature might have dispensed with prior to the statute, then it is not beyond the powers of the legislature to dispense with it by a subsequent statute."

"But the healing statute," he says, pp. 469-70, "must in all cases be confined to validating acts which the legislature might previously have authorized. It cannot make good retrospectively acts or contracts it had and could have no power to permit or sanction in advance."

When the provisions of section 2565 went into effect, the wife of William Haynes, under the law as laid down in *Bolling* v. *Teel, supra,* was the owner of the land allotted her husband, subject to an estate in him for his life or her life, according as they had or had not issue born during their coverture. To deprive her of her interest in that land and invest her husband with title to it by legislation would be as clear a case, not only of disturbing but destroying vested rights, as could be conceived of, and was clearly beyond the power of the legislature.

Whether or not it was the intention of the legislature that the act in question should apply to a case like this, or only to cases where the lands had been allotted to the real owners and the only defect was a failure to have the legal title conveyed, need not be decided in this case. If that was not the intention, then, under the decision of *Bolling* v. *Teel, supra,* the legal title to the land in controversy is in the heirs of William Haynes' wife. If it was the intention of the legislature that the act should apply to a case like this, then to that extent the act is invalid, being in excess of the power of the legislature, and did not affect the rights of the wife or those who claim under her.

It is insisted that it does not appear that the wife of William Haynes was a party to the partition suit. In the view we have taken of the case, this is not a material inquiry; though it may be proper to say, that the county court, in which the partition proceedings were had, being a court of general jurisdiction, there is a presumption that it had jurisdiction both of the sub-ject matter and the parties, unless (as it does not in this case) the contrary appears from the record. See *Cox* v. *Thomas,* 9 Gratt. 323; *Pulaski Co.* v. *Stuart, &c.,* 28 Gratt. 872; *Wood-house* v. *Fillbates,* 77 Va. 317; *Hill* v. *Woodward,* 78 Va. 765; *C. & O. Ry. Co.* v. *Washington, &c. R. Co.,* 99 Va. 715, 721-2, 40 S. E. 20, and cases cited.

The action of the court in permitting William Haynes to withdraw his plea of not guilty, file a disclaimer, and to testify in derogation of his title is assigned as error.

The bill of exceptions upon which this assignment of error is based shows that the plea had been inadvertently filed by coun-sel of the other defendants, and without authority. He was clearly entitled to withdraw the plea.

Nor do we know of any rule of law or any reason why he was not entitled to file a disclaimer. The fact that he had con-veyed with convenants of general warranty the land to some of the other defendants did not deprive him of the right to file a disclaimer. If he did not have any interest in or assert any

claim to the land, he could not be compelled to make defense or incur costs. His liability to his vendees on his warranty was not affected by his disclaimer.

Neither did the court err in permitting him to testify, when offered as a witness by the plaintiffs in the action. While at common law a witness was incompetent to testify in favor of his grantee, where he had warranted the title to the property which was in controversy, because of interest, he was always a competent witness when produced to testify against his interest. (1 Greenleaf on Ev., ss. 397, 410), and now, since incompetency by reason of interest has been abolished (Code, sec. 3345), he is a competent witness for as well as against his grantee.

The remaining assignment of error is to the action of the court in rejecting the petition of the plaintiffs in error for an allowance on account of permanent improvements.

The improvements for which compensation was asked consisted of those alleged to have been placed upon the land by William Haynes during his occupancy of the premises, and expenditures alleged to have been incurred by the plaintiffs in error after his conveyance to them. The expenses incurred by plaintiffs in error were for putting out a wheat crop in 1906 and a potato crop in 1907, and for furnishing fertilizer and seed for the wheat crop.

The section under which the petition for improvements was asked to be filed is as follows:

"Any defendant against whom a decree or judgment shall be rendered for land, where no assessment of damages has been made under the preceding chapter, may, at any time before the execution of the decree or judgment, present a petition to the court rendering such decree or judgment, stating that he, or those under whom he claims, while holding the premises under a title believed by him or them to be good, have made permanent improvements thereon, and praying that he may be allowed for the same over and above the value of the use and occupation of such land; and thereupon the court may, if satis-

fied of the probable truth of the allegation, suspend the execution of the judgment or decree, and impanel a jury to assess the damages of the plaintiff, and the allowances to the defendant for such improvements." Va. Code, 1904, sec. 2760.

In order to entitle an unsuccessful defendant in an action of ejectment to recover for improvements placed upon the land, they must not only have been placed there in good faith (see *Fulkerson* v. *Taylor,* 102 Va. 314, 320, 46 S. E. 309), but must be of a permanent character and such as enhance the value of the land. If it were conceded that the improvements alleged to have been placed upon the land by William Haynes were actually placed upon it, and were of permanent value to the land (which may well be doubted under the evidence before the court in considering the petition), it is clear that they were placed upon it with the knowledge by him that the land was his wife's property, in which he only had an estate, at most, for his life. The crops of wheat and potatoes were of no permanent value to the land, and the fertilizer used with the wheat crop, being for the special benefit of that crop, was not a permanent improvement within the meaning of the section quoted, and under which the petition was filed. See *Effinger* v. *Kenny,* 92 Va. 245, 250, 23 S. E. 742; *Cullop* v. *Leonard,* 97 Va. 256, 260, 33 S. E. 611.

We do not think that the court erred in rejecting the petition.

We are of opinion that there is no error in the judgment complained of, and that it should be affirmed.

*Affirmed.*