# 𝖂𝖞𝖙𝖍𝖊𝖛𝖎𝖑𝖑𝖊.

## NIXDORF v. BLOUNT AND OTHERS.

### June 9, 1910.

#### Absent, Harrison, J.

1. JUDGMENTS—*Liens—Subsequent Improvements by Grantee With Notice.*—The lien of a judgment against the grantor of lands binds improvements made on the land by a grantee who, at the date of his purchase, had constructive and actual notice of the judgment, and of a *lis pendens* to enforce it.

2. JUDGMENTS—*Liens—Notice—Improvements—After Acquired Equities.*—Real property affected by the lien of a judgment cannot be made to serve as a nucleus for the creation and building up of *after-acquired equities* in behalf of subsequent purchasers with notice of the judgment. Such purchasers hold the land in subordination to the right of the creditor to subject it to his judgment in the condition in which he finds it at the time of enforcement, without diminution or allowance for betterments placed upon it subsequent to the docketing of the judgment. The statute on the subject of improvements has no application to such a case.

3. LIS PENDENS—*Purchaser With Notice.*—A *pendente lite* purchaser of property with actual and constructive notice of the pending suit, takes the property subject to any decree that may be rendered against his vendor in that suit touching the subject matter thereof.

Appeal from the decree of the Circuit Court of Norfolk city. Decree for the complainant. One of the defendants appeals.

*Affirmed.*

The opinion states the case.

*J. L. Hubard* and *D. Tucker Brooke*, for the appellant.

*R. Randolph Hicks*, for the appellees.

WHITTLE J., delivered the opinion of the court.

The question presented upon this appeal is whether the lien of a judgment against an alienor binds improvements made on the land by an alienee with constructive and actual notice of the judgment and a *lis pendens* to enforce it, against his grantor at the date of purchase.

From a decree of the Circuit Court of the city of Norfolk holding both the lot and improvements liable, this appeal was granted.

In *Fulkerson* v. *Taylor*, 100 Va. 426, 437, 41 S. E. 863, 867, it is said: "Whether or not a judgment lien binds improvements in the hands of an alienee is a question of much interest and importance, one which has not been directly passed upon by this court, and which we feel should not be decided except after full argument and careful consideration."

According to the experience of the writer on circuit, it was the established and unchallenged practice in such case to subject both land and improvements to the lien of the judgment.

The appellant stands on the letter of the statute (Va. Code, 1904, sec. 3567), that "every judgment for money rendered in this State heretofore or hereafter against any person shall be a lien on all the real estate of or to which such person is or becomes possessed or entitled at or after the date of such judgment;" and the line of decisions which hold that the lien attaches to such interest only as the debtor actually has in the property at or after the date of the judgment.

But, as we shall see presently, property affected by the lien cannot be made to serve as a nucleus for the creation and building up of alleged *after-acquired equities* in behalf of subsequent purchasers with notice of the judgment. Such purchasers hold the property in subordination to the right of the creditor to subject it to his judgment in the condition in which he finds it at the time of such enforcement, with--

out diminution or allowance for betterments placed upon it subsequent to the recovery and docketing of the judgment.

The right to allowance for improvements, under the Virginia statute, which is an innovation on the common law, is confined to cases in which the improvement was made under a title believed to be good, and that is not predicable of a purchaser with notice of the incumbrance. Such purchaser has no higher right to protection with respect to money invested in improvements than to the original purchase price paid for the land. Indeed, in its last analysis, the entire contention of the appellant rests upon the fallacious proposition, that an equity may be created after, which had no existence before, the rendition of the judgment—a doctrine which would introduce a mischievous change in the law, and that too in behalf of a class who voluntarily elect to expend their money in the purchase and improvement of property known to be incumbered.

It is a principle of real estate law, that permanent improvements placed upon land become a part of the reality, and the owner must take notice that all liens which rest upon the fee will necessarily attach to such permanent structures as he may choose to erect. I Min. Real Prop. secs. 17, 23.

When the case of *Fulkerson* v. *Taylor* was before this court the second time (102 Va. 314, 46 S. E. 309), we held, that "A purchaser cannot claim that he put improvements upon land in good faith, believing that he had good title, when the records disclose a defective title."

In that case, it is true, the purchaser claimed title under an unrecorded deed, but the principle is the same, and the court subjected both land and improvements to the satisfaction of the judgment.

So also, in *Flanary* v. *Kane*, 102 Va. 547, 46 S. E. 312, it was said: "The provisions of chapters 124 and 125 of the Code . . . on the subject of improvements have no appli-

cation to a judgment creditor seeking to enforce his lien upon the land upon which the improvements have been made."

It must also be observed that in this instance the appellant was a *pendente lite* purchaser, with actual and constructive notice of the *lis pendens*. Consequently, upon well settled principles, he took the property subject to any decree that might be rendered against his vendor in that suit touching the subject matter thereof. *Hurn* v. *Keller*, 79 Va. 415; *Sharitz* v. *Moyers*, 99 Va. 519, 39 S. E. 166; *Va. Iron Coal & Coke Co.* v. *Roberts*, 103 Va. 661, 49 S. E. 984.

In every aspect of the case, the decree complained of is plainly right and must be affirmed.

*Affirmed.*