# CIRCUIT COURT OF LOUDOUN COUNTY

TWP Enterprises, Inc.,
t/a TW Perry

    v.

James Bruce Dressel,
Anna C. Dressel,
and Foster-Herz, Inc.

February 8, 2011

Case No. (Civil) No. 61335

BY JUDGE BURKE F. MCCAHILL

The case is before the court on the defendant's motion to reconsider my ruling that overruled the defendant's demurrer. This is a suit to enforce a mechanic's lien against homeowners by TWP, a supplier of construction materials. The plaintiff supplied building materials to Foster, a builder for the defendants. Foster had a written agreement (commercial account application) with the builder that contains the following provision that is at issue:

> 9. TITLE FOR ALL GOODS AND\OR MATERIALS REMAINS WITH TWP ENTERPRISES .UNTIL PAID FOR IN FULL BY THE PURCHASER. Should any purchaser take any action under Title 11 of the United States Code, or any state insolvency law, purchaser agrees to promptly return any goods and\or materials not paid for in full. Purchaser agrees to keep the goods and\or materials fully insured until paid for in full. Risk of loss is on the purchaser.

I have already ruled that the homeowners are not third-party beneficiaries of this agreement entered into years before their builder began their project. Obviously, the homeowners are not in privity with the plaintiff as supplier of construction materials. There is no dispute that the building materials, windows, etc., have been incorporated into the homeowner's structure.

Because this is a demurrer, the truth of the facts alleged in the complaint as well as any facts that may be reasonably implied and inferred from the allegations are admitted. The correctness of the conclusion of law are not admitted. The demurrer tests the legal sufficiency of the facts alleged in the pleadings, and the court is to determine whether the complaint states a cause of action upon which the request for relief can be granted.

The defendant acknowledges "the uncontroverted general proposition" that permanent improvements such as these placed upon a structure become part of the realty. *Nixdorf v. Blount*, 111 Va. 127, 129, 68 S.E. 258 (1910). The plaintiff has alleged that these items have been incorporated into the structure. These factual allegations are deemed to be true. However the court is not bound by the legal conclusions of the plaintiff that they have become fixtures.

While accepting the general proposition, the defendants argue that the contract between the plaintiff and supplier controls.

> "It is well settled that, by agreement, the parties may fix the character and control the disposition of property, which, in the absence of such a contract, would be held to be a fixture, where no absurdity or general inconvenience would result from the transaction." *Tunis Co. v. Dennis Co.*, 97 Va. 682, 686, 34 S.E. 613 (1899). . . .
>
> It follows, then, that, since the parties to this controversy agreed upon the classifications of property which should remain upon, or could be removed from, the leased premises upon expiration of the lease, *their rights* are to be determined, not by the law relating to fixtures, but by the law of contracts.

*Bolin v. Laderberg*, 207 Va. 795, 800-01, 153 S.E.2d 251 (1967) (emphasis added).

Having reconsidered this matter, the demurrer is again overruled for the following reasons.

First, defendant's reliance on *Massie v. Firmstone*, 134 Va. 450, 114 S.E. 652 (1922), is misplaced. There has been no sworn testimony by the plaintiff. This case is being heard on the defendant's demurrer. Nor do I feel the plaintiff is estopped by their factual allegations of the existence of this contractual provision in the complaint. There is nothing that suggests the defendants were induced by this contractual provision between the plaintiff and the builder to enter into their agreement with the builder, nor is there a suggestion of any reliance or any damages as a result.

Second, the defendant's argument that the case should be determined "not by the law relating to fixtures but by the law of contracts" does not allow examination of all the law that may relate to this topic. I cannot ignore the general law of fixtures conceded by the defendant. In addition,

having already decided the defendant is neither a party to this contract or a third-party beneficiary, I do not believe they can now ask the court to enforce this provision against the plaintiff. The plaintiff is a party to the contract and, unlike the defendant, has the right to waive enforcement of this provision. This is a contractual provision for the benefit of the plaintiff, not this defendant. None of the cases cited extend this proposition advanced by the defendant to a non-party. The language of the cases seems to suggest that this proposition relates to the ability of a party to a contract to insist upon enforcement. Just as stated in *Bolin*, "their rights," meaning the parties to the contract, are determined by the law of contracts. All of the cases that have adopted this principal of the law have involved disputes between the parties to an agreement, typically a lease between a landlord and tenant.

Third, even between parties to a contract, the rule is not absolute. It is not applied if it creates an "absurdity" or "general inconvenience." Applying the rule in the *Tunis* case to this case does create an "absurdity." It would allow the defendant to require the plaintiff to be bound by a contractual provision with another party, yet I have already determined the defendant is not a third-party beneficiary. The plaintiff would be precluded from electing, for example, not to enforce its contractual rights. The contract language does not expressly waive the plaintiff's right to a mechanic's lien. Applying the rule in *Tunis* would result in an implied waiver of plaintiff's statutory rights to a mechanic's lien. "Either a waiver must be expressed, or, if it is to be implied, it must be established by clear and convincing evidence." *McMerit Constr. Co. v. Knightsbridge Devel. Co.*, 235 Va. 368, 373, 367 S.E.2d 512 (1988). It is an "absurdity" that, when the agreement between the plaintiff and Foster was signed in 2001, that the plaintiff intended that an unknown homeowner that subsequently had plaintiff's material incorporated nine years later would be able to claim that plaintiff had expressly or impliedly waived its statutory rights to a mechanic's lien.

Fourth, it also creates an absurdity that materials that may lose their separate identity and which cannot be severed remain titled to the plaintiff after their incorporation under the circumstances of this case. The defendants correctly argued in their original brief:

> A mechanic's lien is a creature of statute. It is founded on the notion that a workman or a materialman mixes his labor and/or materials into the freehold such that it cannot be readily separated from the freehold, because the labor and/or materials have become part of the freehold. To protect him, mechanic's lien statutes give him a security interest in the improvements, to protect the value of the labor and materials which have inextricably become part of the freehold. Title to the freehold, now including the labor and/or materials,

remains in the homeowner, which is of course why the lien is a security interest and not an ownership interest.

There is a line of cases that allows a party to vary this by contract, but it does create an absurdity under the facts of this case.

Therefore the demurrer is overruled.