SAMUEL F. HAYS, Appellant, v. DANIEL MARSH.

**Trust:** WHEN CANNOT BE SHOWN BY PAROL. Where the conveyance 1 of real estate from a husband to the wife recites a valuable consideration, he cannot establish a trust in her by parol evidence that no consideration was paid; nor as against parties claiming under her by showing that the same was given to defraud his creditors.

**Conclusiveness of Decree:** AFTER ACQUIRED TITLE. Where a husband conveys land to his wife and afterward the same is awarded to him in a partition action to which the wife is not a party, she is not bound thereby, and the title he thus acquires inures to her benefit, under Code, section 2915.

**Parol Partition of Land.** Where a wife's undivided interest in 3 land is awarded to the husband in a partition suit, their possession of the share so allotted with implied consent of the cotenants amounts to a parol partition to her of this share in severalty.

**Title by Adverse Possession:** PRESUMPTION. The joint possession of real property as a homestead by husband and wife is presumed to be the possession of the one holding the legal title, and to create title in the other by adverse possession this presumption must be clearly overcome.

**Laches.** One holding the legal title to land is not guilty of laches 5 by failing to assert the same prior to a knowledge that it is questioned.

VOL. 123 Iowa—6.

123    81
130    624

**Interest of Heirs.** Election to take a homestead interest in lands of an intestate will not affect a further interest in the estate as an heir.

*Appeal from Lee District Court.*—HON. HENRY BANK, JR., Judge.

MONDAY, FEBRUARY 15, 1904.

SUIT in equity to quiet plaintiff's title to certain real estate. Defendant denied plaintiff's claim, and pleaded title in himself. The trial court dismissed plaintiff's petition, and quieted title in defendant. Plaintiff appeals.— *Reversed.*

*T. B. Snyder* for appellant.

*Henry Schlemer* and *W. D. Hamilton* for appellee.

DEEMER, C. J.—Samuel F. Hays was at one time the owner of the property in dispute. In March of the year 1868, for the consideration of $1,000, he conveyed the same by warranty deed to his wife, Elizabeth Hays. Elizabeth was the sister of defendant, Marsh. She died in the spring of 1895, without issue, her husband, the plaintiff herein, surviving. He claims that he is entitled to the real estate of which she died seised because of a decree in a partition suit awarding the land to him, that he is entitled to it by adverse possession, and that the decree awarding the same to defendant should not have been rendered because of defendant's laches. He further claims that in any event he should be awarded a one-sixth interest in the land as an heir of his wife. Another claim made by him is that his wife held the title to the land in trust for him, and that he is entitled to the whole thereof as the beneficial owner. Defendant bases his title on the fact that his sister, plaintiff's wife, owned the land at the time of her death; that plaintiff, the husband, elected to take a homestead in the land in lieu of distributive share; and that he is entitled to have the fee-simple title decreed to be in

him. The decree of the trial court gave plaintiff a life es-
tate in the property, but decreed the fee title to be in the de-
fendant.

Plaintiff must fail on his claim that he is the beneficial
owner of the property, and that his wife held the title in
trust for him, for the reason that he cannot establish such

**1. TRUSTS: when cannot be shown by parol.** a trust by parol. The deed recites a valuable
consideration as in hand paid by the wife, and
plaintiff cannot establish a trust in the wife by
showing that there was no consideration in fact paid for the
deed. He cannot, of course, show an express trust by parol.
He intimates that the conveyance was made to the wife for
the purpose of defrauding his creditors. This is denied, and
we think that he has failed to establish his claim. But, if he
had, it would not avail him, for the reason that a conveyance
to the wife under such circumstances is good as between the
parties, and the plaintiff cannot establish a trust by showing
his own perfidy and dishonor.

It appears that after he made the deed to his wife, which
conveyed an undivided one-sixth interest in certain lands, an
action of partition was brought by some of the co-owners
against plaintiff herein and others, and that in

**2. CONCLUSIVENESS of decree; after required title.** that action plaintiff was awarded the land in
controversy. The wife, Elizabeth, who then
owned the land under her warranty deed, was
not made a party to the proceedings, nor did she appear there-
in. She was not, of course, bound by the decree. Shortly
after the decree was entered, plaintiff and his wife, Elizabeth,
moved upon the property, improved and cultivated it, and it
was their homestead at the time of the death of the wife.
These improvements were made by the husband and wife
jointly. Plaintiff claims under the decree of partition, and
argues that, if he is not entitled to the land thereunder, he is
entitled to it by reason of adverse possession in his wife for
more than ten years. It is manifest that neither Elizabeth
Hays nor the defendant, as her successor in interest, is bound
by a decree to which she was not made a party. We should

not be expected to cite authorities on so plain a proposition. Even if it could be said that plaintiff obtained title to the land under the decree, the title inured to the benefit of his wife under her warranty deed.  See Code, section 2915, and annotations thereto.

The partition decree was not binding on Elizabeth Hays, but her possession, with her husband, of the land allotted to the husband by that decree, with the implied consent and

3.  PAROL parti-  approval .of the other co-tenants, amounted to
tion of land.  at least a parol partition of the lands, and gave her this share in severalty.  Indeed, these parties are in no position to challenge .the effect of this partition suit, in so far as it amounts to a setting aside of a specific part thereof to Elizabeth Hays, although this was done in the name of the husband.  Therefore occupancy of a specific portion under the facts disclosed in this case amounted to a voluntary partition of the lands.  That there may be a parol voluntary partition of lands owned in common, see Freeman on Co-Tenancy (2d Ed.) sections 398-408.

Plaintiff contends, however, that he is entitled to have the title decreed to be in him by reason of holding possession thereof under the partition decree adversely to his wife for

4.  TITLE by ad-  more ten years.  The testimony fails in many
verse posses-  respects to establish his claim.  It is doubtful if
sion: pre-
sumption.  the husband may, under any circumstances, hold adversely to his wife, especially where, as here, the property is a homestead.  We can hardly conceive of a case where this could be so.  In *Root v. Schaffner*, 39 Iowa, 375, it is said neither the husband nor the wife can rely on the mere fact of possession to prove acquisition of title from the other. · The possession of husband and wife is the possession of the one in whom is the legal title.  At least, this is the legal presumption.  The testimony entirely fails to negative this presumption, and it is manifest that plaintiff does not have title by adverse possession.

There was no laches on the part of Elizabeth Hays because she had no occasion before her death to bring an action

against her husband. She was enjoying the fruits of the
5. ·LACHES.    property, and plaintiff was not disputing her
title in any manner. Little claim is made that defendant
did not bring his action in time. Indeed, he did not bring
any action, and was not compelled to until he knew that
plaintiff was denying his title. This plaintiff did not do un-
til he commenced this action. Defendant thereupon filed his
counterclaim. This was timely.

After the death of the wife plaintiff elected to take a
homestead right to the land, instead of a distributive share.
This, of course, was a life estate only, and it was fully recog-
6. INTEREST of    nized and protected by the decree of the trial
heirs.    court. But it also appears that, as Elizabeth
died without issue, plaintiff was also entitled to a one-sixth
thereof in fee as heir of his wife under Code, section 3379.
*Wilcke v. Wilcke,* 102 Iowa, 173, and cases cited. The elec-
tion to take homestead, or even the allotment of a distribu-
tive share, will not affect this interest. The cases cited by
appellee to this point do not support his contention.

But appellee says this point was not presented to the
lower court. We think it must have been, for it was incum·
bent on the court to fix the interest and title of each of the
parties to this controversy. At any rate, defendant should
not be awarded more on his counterclaim than he shows him-
self entitled to. Under the pleadings and the evidence he
was entitled to five-sixths of the property in fee simple, sub-
ject to plaintiff's life estate. The trial court gave him the
whole. The amount to be allowed him was necessarily in-
volved, and the trial court committed an error in giving him
the entire fee-simple title.

The case will be remanded for a decree awarding plain-
tiff a life estate in the property and a fee-simple title to an
undivided one-sixth interest therein; and to the defendant
a fee-simple title to an undivided five-sixths interest therein,
subject to plaintiff's life estate in the homestead. The de-
fendant will pay one-sixth and the plaintiff five-sixths of the
costs.—REVERSED AND REMANDED.