JAMES H. NOBLE, Appellant, v. REBECCA WILLIS NOBLE.

**Deeds:** DELIVERY. The recital of a consideration in a deed and a recording of the instrument raises a presumption of delivery.

**Same.** The fact that a deed from a husband to his wife was on record for several years prior to the husband's death is strong evidence of delivery and acceptance by the wife during the husband's lifetime.

**Possession of real property:** PRESUMPTION. Where, as in this case, a husband conveyed the homestead to his wife, a presumption that the possession was in her obtains, even though he conducted the farming operations and paid the taxes.

*Appeal from Plymouth District Court.*—HON. F. R. GAYNOR, Judge.

SATURDAY, MARCH 11, 1911.

ACTION in equity to recover an interest in real estate. Judgment for the defendant. The plaintiff appeals.—*Affirmed.*

*Struble & Struble,* for appellant.

*John R. Carter,* for appellee.

SHERWIN, C. J.—Elon J. Noble and the defendant were married in 1887, and lived together until the death of Elon J. Noble in 1908. At the time of their marriage, Elon J. Noble was a widower, with eight children living at home, five girls and three boys. The youngest of these children was two and one-half years old, and the oldest, a girl, was eighteen. One of the children, a boy, was an adopted child, who remained in the family only about a

year after their marriage, when he was surrendered to his own father. The other children remained at home until they were married, or went out in life for themselves. When Elon J. Noble and the defendant were married, he owned and lived on the 160 acres of land in controversy in this action, but it was heavily incumbered. In the years following their marriage, however, they cleared off the indebtedness on the farm and accumulated other property. In August, 1894, Elon J. Noble deeded to the defendant four lots, of the aggregate value of about $400, located in the town of James, Iowa. On December 28, 1901, he also deeded to the defendant the 160 acres in controversy, and had the deed duly recorded. The title to the lots and to the farm was in the defendant at the time of her husband's death. The plaintiff herein is a son of Elon J. Noble, and, after his death, he brought this action to recover an interest in the lots and farm as the heir of his father, alleging that the conveyances to the defendant were obtained by her undue influence over his father, and were therefore void. It is further contended that the gift to the defendant was never completed because Elon J. Noble continued to exercise acts of ownership over the land, and because there never was a delivery of the deeds to the defendant. The appellant has presented for our consideration a very exhaustive brief and argument on the legal propositions which are controlling in actions of this kind, but the law of the case is so well settled that it is unnecessary to restate it.

The controlling questions are of fact. First. Were the conveyances obtained by the exercise of undue influence over the grantor? Second. Was there a completed gift, and, incident thereto, were the deeds delivered to the defendant? We have very carefully examined and considered the evidence touching the question of undue influence, and reached the conclusion that it wholly fails to make a case for the plaintiff. Elon J. Noble was at all times during

his life with the defendant, excepting only a few months immediately preceding his death in 1908, a strong and vigorous man, both physically and mentally. The defendant was a woman of strength, physical and mental, and they seemed to have used their combined strength for the welfare of the entire family. He consulted the defendant about many things, it is true, but no more than any fairly considerate husband would do. The evidence shows the delivery of the deeds beyond any question. Both deeds recited a consideration and they were recorded by the grantor. A presumption of delivery therefore arises. *Luckhart v. Luckhart,* 120 Iowa, 248. The evidence also shows an actual delivery to the defendant. Moreover, the deed to the lots remained on record for more than fourteen years before the death of Elon J. Noble and the deed to the farm for over eight years, which facts alone are strong evidence of delivery and acceptance.

The farm was their homestead, and, even if the husband did attend to the business of conducting it, and paying taxes on it, the law will nevertheless presume the possession was in the wife because she held the legal title thereto. *Hays v. Marsh,* 123 Iowa, 81. This seems to be a very simple and clear case. The real estate in question was given to the wife by deeds actually delivered to her, and remained in her possession without question for years and until after the death of her husband. The farm was their homestead, and the husband looked after the outside interests as any husband would do under similar circumstances. The defendant did her share of the work by attending to the domestic affairs and the children. The title clearly passed to the defendant, and the judgment is *affirmed.*