# CHARLESTON.

### SHAFFER *v.* SHAFFER *et al.*

## Submitted June 8, 1910.    Decided April 18, 1911.

1. PARTITION—*Action by Guardian.*

    A widow, entitled to dower, may maintain a suit as guardian for her infant children to have land inherited and owned by such infants and adults partitioned, and to have her dower therein assigned to her. (p. 165).

2. SAME—*Deed Between Tenants in Common—Effect.*

    A deed between tenants in common, co-tenants or co-parceners, by which in an effort at partition, they each convey or quit claim to the others, the portions alloted to them respectively, conveys no title to the grantee; it amounts simply to a severance of the unity of possession. (p. 167).

3. JUDGMENT—*Conclusiveness—Judgment in Partition.*

    Although section 1, chapter 79, Code 1906, confers jurisdiction on a circuit court in a partition suit, to adjudicate all questions of law affecting the legal title, that may arise therein, a decree or judgment in such suit is as conclusive as in other suits; nevertheless, if no issues affecting the title are presented for decision, or the decision of which was necessarily involved therein, such judgment and decree invests no title in the partitioners. (p. 167).

4. SAME.

    A decree in a suit brought by a husband and wife, partitioning land, and of which the bill alleges the wife's father died seized and possessed, and which decree divides and partitions to the husband and wife jointly the part inherited by the wife, without pleadings putting in issue any conflicting rights between plaintiffs, invests no title in the husband to the wife's land. (p. 168).

5. SAME—*Conclusiveness—Partition.*

    But such a decree will not afterwards estop the husband or his heirs from showing right and title to an interest in the land so partitioned, acquired by deed from the wife's father in his life time, such decree not being inconsistent with such deed. (p. 169).

6. EVIDENCE—*Secondary Evidence— Proof of Loss of Ancient Deed.*

    If an ancient deed be lost, but its existence and contents be proven by oral evidence; and it be also proven to have been

recently in the possession of and produced by the grantee, and such account thereof is given, as might be reasonably expected, under all the circumstances, such oral evidence is admissible to establish such deed or grant, without otherwise proving the due execution and delivery thereof; and such deed will be treated as presumptively genuine, until such presumption is overcome by evidence to the contrary. (p. 170).

Appeal from Circuit Court, Preston County.

Bill by Hannah S. Shaffer, individually and as guardian of her children, against Charles H. Shaffer and others. From the decree, certain defendants appeal.

*Affirmed.*

*F. E. Parrack* and *A. G. Hughes,* for appellants.

*P. J. Crogan,* for appellee.

MILLER, JUDGE:

Hannah S. Shaffer, widow of Draper C. Shaffer, in her own right, and as guardian of her infant children, Dessie G., Asa J., and Alston G., aged respectively, twelve, nine and six years, sued defendants Charles H. and David C. Shaffer, and Vernie M. Pifer, and Samuel Pifer, her husband, making her said infant children also defendants to the bill, seeking partition of a tract of 120 acres of land in Preston county. She alleges that her said husband, at the time of his death, was the owner of an undivided one-half interest in said tract, and that the other undivided half interest therein was then owned jointly by said adult defendants, by inheritance from their mother, Mary E. Shaffer, a former wife of said Draper C. Shaffer, and who, with her said infant children, on the death of her said husband, inherited from him, in equal moieties, his one-half undivided interest in said land, and of which he so died seized and possessed, subject only to her right of dower therein, and that she and her said infant children were entitled to a partition of said land, and she to have dower assigned to her, according to their respective rights and interests therein.

After defendants had appeared at rules and filed their demurrer, plea and answer to said bill, said infants, by said Hannah S. Shaffer, as next friend, intervened by petition, setting up their rights, substantially as alleged in the bill, and praying that

the same might be read in connection therewith, and the two causes heard together, and the land partitioned according to the prayer of said bill. The adult defendants appeared to said petition, and filed an amended plea and answer thereto, and also to said bill. The original and amended pleas were rejected, and the demurrer to the bill was overruled. To the answer and amended answer there was a general replication by plaintiff.

On final hearing, on bill, answers and proofs taken, the decree appealed from adjudged that the said Draper C. Shaffer, as alleged, died seized of an undivided one-half interest in said land; that the same was subject to partition among his heirs, as prayed for in the bill, and that partition thereof should be made; and that the commissioners appointed should go upon the land and divide the same into two equal parts, having due regard to quality and quantity, and assign one part thereof to the heirs of Mary E. Shaffer, and the other to the heirs of Draper C. Shaffer; and directed said commissioners to also assign dower to the widow Hannah S. Shaffer in the part allotted to Draper C. Shaffer, giving her a full one-third part thereof, having due regard to quality and quantity; and to further divide and partition that part equally between the heirs of the said Draper C. Shaffer, namely, Dessie G., Asa J., Alston G., Charles H. and David C. Shaffer, and Vernie M. Pifer, giving to each a one-sixth part, with like regard to quality and quantity; also directing said commissioners to make due report to the court showing said partition, made by metes and bounds, together with a plat thereof. From this decree the adult defendants have appealed.

The errors relied on here are: (1), overruling the demurrer to the bill; (2), striking out defendants' pleas of estoppel; (3), decreeing that Draper C. Shaffer died seized of a one-half undivided interest in said land.

First, as to the demurrer. The point made on the demurrer is that Hannah S. Shaffer, as guardian, cannot sue for and on behalf of said infants, and that they should have been sued by their next friend. There is no merit in these propositions. A guardian may maintain a suit for partition of lands owned and held by infants and adults, as in this case. *Zirkle* v. *McCue*, 26 Grat. 517; *Redd* v. *Jones*, 30 Grat. 123; *Snavely* v.

*Harkrader,* 29 Grat. 112; *Suter* v. *Suter,* 68 W. Va. 690 70 S. E. 705.     *Hull* v. *Hull,* 26 W. Va. 1, does not assert a contrary proposition.   That was a suit by a widow seeking partition of land of which her husband died seized.   She did not sue as guardian for her infants, as did the plaintiff in this case, and that case is distinguished from this, and other cases cited, in this particular.   It is proper to make infants defendants in person, but a guardian *ad litem* must be appointed in the suit to make defense.   The demurrer we think was properly overruled.

The questions which the defendants sought to present by pleas in estoppel, are fully covered by their answer.   They go to the merits of the case, and need not be considered separately. The question of merit involved is, do the title papers exhibited with bill and answers, and proofs taken, show title in Draper C. Shaffer to an undivided half interest in said tract of land, which descended to his heirs as alleged, entitling plaintiff and petitioners to the partition prayed for?

Two sources of title are alleged.   The first is, that this tract, prior to 1869, was conveyed by Samuel Elsey, to said Draper C. and Mary E. Shaffer, by deed duly recorded, but that the record thereof had been destroyed by the burning of the court house of Preston county in 1869.   It is not only alleged, but proven, that subsequently, and before suit brought, said deed was lost; second, that after the death of said Elsey, occurring about the year 1871, in a friendly suit, brought by said Draper C. and Mary E. Shaffer, against Sarah Elsey and others, a partition of the lands of said Samuel was decreed; that by said decree, pronounced therein on August 21, 1872, said tract, with another tract of eighty-five and a quarter acres, were, as reported by said commissioners, partitioned jointly to the said Mary E. and Draper C. Shaffer, and that a special commissioner was thereby also appointed to execute deed of special warranty to the parties for the lands allotted to them respectively.   The fact of the execution and existence of a deed from Samuel Elsey, to Draper C. and Mary E. Shaffer, was denied by the answer and vigorously controverted on the trial.

We will first dispose of the question of title by decree in partition.   Did that decree invest in Draper C. Shaffer title to

a half interest in said tract? The rule seems well established that a deed between tenants in common, co-tenants, or co-parceners, in an effort at voluntary partition, and by which they each convey, or quit claim to the others, the portions allotted to them respectively, conveys no title to the grantee; that it amounts simply to a severance of the unity of possession. *Whitsett* v. *Wamack,* 159 Mo. 14; *Harrington* v. *Rawls,* 131 N. C. 39; *Brown* v. *Humphrey,* (Tex.) 95 S. W. 23; *Hays* v. *Marsh,* 123 Iowa 81; *Carson* v. *Carson,* 122 N. C. 645; *Harrison* v. *Ray,* 108 N. C. 215; *Yancey* v. *Radford,* 86 Va. 638, 10 S. E. 972. And so in *Hays* v. *Marsh,* where land of the wife, who was not a party to the suit, was allotted to her husband who was, it was held that she was not bound by the decree, but that subsequent possession by both of the land so allotted to him with the implied consent of the co-tenants, amounted to a parol partition to her of her share in severalty. In *Whitsett* v. *Wamack,* it was decided that a deed of release and quit claim, made by two coparceners, to a third and her husband, in an effort at voluntary partition of their jointly inherited estate, conveyed no title to him. And in *Yancey* v. *Radford,* (Va.), it was held that a similar deed operated only, (1) as a partition and allotment of the wife's share of the ancestor's realty; (2) that it conveyed no estate to the husband as against the heirs of his wife. In *Carson* v. *Carson,* the third point of the syllabus is: "A deed by heirs to land, which the wife inherited, being made to the husband alone could not be color of title, since it did not convey the wife's interest;" this because, as decided in the third point, the wife's interest, having vested by descent, was not divested by the conveyance to the husband, she not joining in the deed.

But is the law different where there is a suit and a decree of partition? Our statute, section 1, chapter 79, Code 1906, says: "Tenants in common, joint tenants and coparceners, shall be compellable to make partition, and the circuit court of the county wherein the estate, or any part thereof, may be, shall have jurisdiction, in cases of partition, and in the exercise of such jurisdiction, may take cognizance of all questions of law affecting the legal title, that may arise in any proceedings." This section clearly gives right to the court to settle any con-

flicts or questions as to title, certainly as between partitioners who may be compelled to partition, when put in issue by proper pleadings. The pleadings in the partition suit, however, presented no question of right or title as between the plaintiffs. But it is very earnestly insisted in argument that as the bill filed by them jointly alleged that the tract here involved was one of the tracts, among others, of which the wife's father died seized and possessed, plaintiff in this suit, and her wards claiming under him, are estopped by the allegations of that bill, and the decree thereon, from setting up in this suit as against the adult defendants, heirs of said Mary E. Shaffer, a different state of facts, or the fact alleged that prior to said former suit, her father had deeded the land of which partition is here sought to her and her husband jointly.

As to the effect of such a decree, Freeman on Cotenancy and Partition, Second Edition, section 531, page 705, says: "It is, perhaps, unfortunate that judges so often remark that partition confers no new title, but only divides that which the parties previously possessed, because the remark justifies the inference that a judgment in partition has little or no effect upon the title. The truth is that a judgment in partition is as conclusive as any other. It does not create or manufacture a title, nor divest the title of any one not actually or constructively a party to the suit; but it operates by way of estoppel; it prevents any of the parties from relitigating any of the issues presented for decision, and the decision of which necessarily entered into the judgment; and it divests all titles held by any of the parties at the institution of the suit." Note the language, "any of the issues presented for decision, and the decision of which necessarily entered into the judgment." The same doctrine is promulgated in *Hart* v. *Steedman,* 98 Mo. 452, and *Lindell Real Estate Co.* v. *Lindell,* 142 Mo. 61, point nine of the syllabus. Of course if the wife is not a party to the suit in which land inherited by her is partitioned, she is not bound by the decree, no matter what the pleadings may have been. *Hays* v. *Marsh, supra.*

Our conclusion from these authorities is, that a proper intrepretation of said decree of 1872 standing alone, would be that it invested no title in Draper C. Shaffer, to the share allotted and decreed him and his wife jointly. As against the

other parties to that suit it was conclusive, to the extent at least of the allottment to Mrs. Shaffer of her share. But as between the plaintiffs to that suit, that decree decided nothing. No issues, as between them, were there presented, or necessarily involved.

By bringing it to *hotch pot* in that partition suit, land previously deeded to them jointly, and having it so partitioned, we do not think Draper C. Shaffer, or his heirs, became thereby thereafter estopped from asserting his or their rights under the prior deed. If a prior deed invested title to the land in them jointly, there is nothing in the decree inconsistent therewith. We do not think therefore that that decree is conclusive of the rights of the parties under the prior deed, if such deed as alleged has been established by proof.

The question remains then, has the making and delivery of such prior deed been established by legal and competent evidence? While said decree of partition may not be legal and competent evidence on this question, it is at least suggestive of some interest of Draper C. Shaffer. That such a deed was in existence as late as 1904 and 1907, and had been recorded in the proper county, prior to 1869, when the records of that county were in that year wholly destroyed by fire; and that in both of those years it was found in the possession of Draper C. Shaffer, and delivered by him to J. W. Hill, a justice, first, in 1904, to aid him in preparing a deed from said Pifer and wife, conveying to said Charles H. Shaffer, their one-third of the one-half undivided interest in said tract; and next in 1907, when said justice was then called upon to prepare for David C. Shaffer, a deed conveying to said Charles H. Shaffer, his one-third of the one-half undivided interest in said tract of land, are facts fully established by the evidence of Justice Hill. Both of these deeds describe the interests conveyed as the interests inherited by the grantors from their mother, said Mary E. Shaffer, deceased, as the owner of a one-half undivided interest in said tract. These deeds do not estop the grantors from asserting a larger interest in said tract; but they are at least admissions or declarations by them of the interests then claimed, and evince knowledge on their part at that time, of the right or claims of plaintiffs in this suit. Notwithstanding the fact that the exist-

ence of said deed was controverted, not one of the defendants
was put upon the stand to deny knowledge thereof. They are
all shown to have lived on the land with Draper C. Shaffer,
their father; and Charles H. Shaffer, who was living on the
land, with his wife, at the time of his father's death, and who
testified, was not asked a single question about his knowledge of
said deed.

But the contention is that the loss of the deed and its due
execution have not been sufficiently proved. Counsel for the
parties stipulated on the trial that "the deed alleged to have
been made by Samuel Elsey to D. C. Shaffer and wife, and con-
cerning which the witness, J. W. Hill, * * * testified, is
not a matter of record in the office of the Clerk of the County
Court of Preston County * * * * and the same cannot
be found or produced." We do not regard this stipulation as an
admission of the execution and delivery of said deed; but it is
an agreement that if the deed was established, it was lost and
could not be produced. Was this not enough to admit oral
evidence of the due execution, and contents of the deed? We
think so. The evidence of the witness Hill, and the corroborat-
ing facts, prove that a deed purporting to have been made by
Elsey to Draper C. and Mary E. Shaffer, in the handwriting
of a notary public, known to and proven by him, and purporting
to have been signed and acknowledged by the grantors, before
said notary, and having indorsed upon it the certificate of
recordation by the clerk of the county court of said county,
in office prior to 1869, when the records of said county were so
destroyed by fire, and conveying to said Shaffer and wife jointly
said tract of land, was so found in the possession of said Draper
C. Shaffer, one of the grantors, in the years 1904 and 1907, and
after being used by said Hill in the preparation of said deeds,
was in each instance returned by him to said Shaffer. This deed
at the time of the trial must then have been over forty years old.
If plaintiff had been in possession of said deed and been able
to produce it in evidence on the trial below, because of its age
and other facts and circumstances shown, it would have been
rightly admitted in evidence, without proof of its execution.
*Caruthers* v. *Eldridge,* 12 Grat. 670. On like principle, in our
opinion, the correct rule, applicable to a case like this one, is

that, if an ancient deed be lost, but its existence and contents be proven by oral evidence; and it be also proven to have been recently in the possession of and produced by the grantee, and such account thereof is given, as might be reasonably expected, under all the circumstances, such oral evidence is admissible to establish such deed or grant, without otherwise proving the due execution and delivery thereof; and such deed will be treated as presumptively genuine, until such presumption is overcome by evidence to the contrary.

So our opinion is that the decree below was right and should be affirmed, and it will be so ordered.

*Affirmed.*