RUSHIA A. CREMEANS *et al. v.* ELZA WRAY *et al.*

(No. 7877)

Submitted October 23, 1934. Decided December 22, 1934.

742

*J. G. F. Johnson,* for plaintiffs in error.
*B. H. Blagg* and *Somerville & Somerville,* for defendants in error.

LITZ, JUDGE:

This action, in ejectment, involves the interpretation of a partition deed as to the estate conveyed.

Isaac M. Wallis died prior to December 19, 1891, leaving his property by will to his widow for life and the remainder to be divided equally among his children, Abram B. Wallis, Sardinia Turner, Frances P. Langley, Rushia A. Cremeans and Laura M. Cremeans. The will contains the proviso: "But in event that any of my children above named shall die, leaving no surviving children, then their share of the property devised as above, shall revert to and be equally divided between the survivors of my children above named or to their children if they be dead, * * *." On December 19, 1891, the five children of the testator executed deeds conveying to each other their respective allotments in the property. The deed from the other children to Laura M. Cremeans (then Herbert), conveying the land in controversy as her share in the estate, recites: "Said parties being the owners of a tract of land in Mason County, and desiring to have the same divided, and have each of their shares set apart, and having agreed upon three persons to make the partition and division and they having performed that duty and made their report, wherein it appears that lot four fell to Laura M. Herbert, therefore, in consideration of the above and to carry out said agreement, this deed, witnesseth; that the parties of the first part do hereby grant unto the said Laura M. Herbert lot No. 4 of said division which is bounded and described as follows:" (Then follows the description.) Thereafter, the deed continues: "To have and to hold the above described property with the appurtenances thereon, free and un-

obstructed unto the said Laura M. Herbert, her heirs and assigns forever, as and for her part and share in said real estate. And the parties of the first part covenant to and with the said Laura M. Herbert that they will warrant generally the property and rights herein conveyed." The title thus conveyed to the grantee, Laura M. Herbert, who died, August 2, 1932, leaving no surviving children or child, is now vested in the defendant, Mona Wray. Abram B. Wallis and Sardinia Turner, grantors in the deed to Laura M. Herbert, are also dead. The plaintiffs, consisting of the two living grantors, Rushia A. Cremeans and Frances P. Langley, and the children of A. B. Wallis and Sardinia Turner, contend that the deed to Laura M. Herbert effected merely a severance of the unity of possession. The defendants, on the other hand, insist that the deed conveyed to the grantee a fee simple title to the land, including the contingent estate of the grantors, under the will, in the interest of Mrs. Herbert in the event of her dying without surviving children. Plaintiffs rely upon *Shaffer* v. *Shaffer,* 69 W. Va. 163, 71 S. E. 111, and *Railroad Co.* v. *Epling,* 70 W. Va. 6, 73 S. E. 51. In the first case, which involved the effect of a decree of partition, it is stated: "The rule seems well established that a deed between tenants in common, cotenants, or co-parceners, in an effort at voluntary partition, and by which they each convey, or quit claim to the others, the portions allotted to them respectively, conveys no title to the grantee; that it amounts simply to a severence of the unity of possession." The second case involves a quitclaim deed of partition containing special covenants of title to a life tenant. It was held that the deed conveyed to the grantee only a life estate. The *Shaffer* case, on its facts, seems entirely impertinent while the *Epling* case has little, if any, application to the facts in this case. Plaintiffs concede that a deed of partition will vest in the grantee any contingent interest of the grantor where the language of the instrument clearly indicates such intention, but denies that the terms of the deed in question are sufficiently comprehensive and specific for that purpose. "Any interest in or claim to

real estate may be disposed of by deed or will." Chapter 71, section 5, Code 1923. The conveyance here recites that the parties are the owners of the land partitioned, and, after granting the parcel allotted to Mrs. Herbert, the deed proceeds: "To have and to hold the above described property with the appurtenances thereon free and unobstructed unto the said Laura M. Herbert, her heirs and assigns forever, as and for her part and share in the said real estate. And the said parties of the first part covenant to and with the said Laura M. Herbert, that they will warrant generally the property and rights herein conveyed." It seems to us that the intention, from the language of the instrument, to grant an indefeasible fee could not be more strongly expressed without the use of specific terms to that effect. The purpose of the grantors to vest in the grantee a complete estate in the lands is stated by counsel for defendants, as follows: "At the time the deeds were made the parties were young. Laura Herbert had as much right to expect children as any of the other devisees. As the title stood neither of the heirs could sell nor encumber his land; could obtain no credit, because then there was no way of telling whether or not his estate would be defeated, and go to the other heirs. Each of them considered it highly important to obtain a title which could not be defeated and to do so was willing to release his contingent right in the lands of the other devisees in order to secure an indefeasible title to his own land. In order to accomplish that purpose, deeds were made with covenants of general warranty and an HABENDUM clause: 'To have and to hold the above described property with the appurtenances thereon free and undisturbed unto the said Laura Herbert, her heirs and assigns forever.'" The conveyance by each of his or her contingent estate in the interests of the others was a sufficient consideration for their conveyance to him or her of their expectancy in his or her estate.

We are, therefore, of opinion that the plaintiffs, Rushia A. Cremeans and Frances P. Langley, are estopped by their deed to Laura M. Herbert to assert, under the will, any interest in the land in controversy. *Smith* v. *Smith*,

112 Va. 617, 72 S. E. 119, we believe supports this conclusion. The remaining plaintiffs, however, who are children of Abram B. Wallis and Sardinia Turner may recover if it appears that Abram and Sardinia died before Laura, which the record fails to disclose.

The judgment of the circuit court is reversed and the case remanded.

*Reversed and remanded.*