# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**William Douglas Brown and**
**Brenda Harriett Brown,**
**Defendants Below, Petitioners**

**FILED**

June 22, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 14-0956** (Mason County 11-C-71)

**Smith McCausland,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioners William Douglas Brown and Brenda Harriett Brown, by counsel Robert W. Bright, appeal the Circuit Court of Mason County's August 20, 2014, order partitioning several pieces of property jointly owned by petitioners and respondent. Respondent Smith McCausland, by counsel Andrew S. Zettle, Daniel J. Konrad, and C. Dallas Kayser, filed his response to which petitioners filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

### Facts and Procedural History

The parties are co-owners of several pieces of property – a farm in Pliny, a farm in Henderson, and two rental properties in Charleston. Respondent is the uncle of both petitioners. The parties and petitioners' mother, petitioners' predecessor in title, had disputes over the use of the property, leading to the filing of the action below. On July 8, 2011, respondent filed a complaint requesting the partition-in-kind of the commonly owned real estate, in which respondent had a one-half interest and petitioners had a combined one-half interest.

Pursuant to West Virginia Code § 37-4-3, the circuit court appointed commissioners to issue a report. The commissioners held a hearing, during which they heard evidence and viewed the two farms at issue. The commissioners issued a report with their findings, to which petitioners objected. The trial court affirmed the commissioners' report and findings in their entirety, overruling petitioners' objections, by order entered August 20, 2014. Petitioners appeal from that order.

1

**Discussion**

This Court has held that

> [i]n reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Public Citizen, Inc. v. First National Bank in Fairmont*, 198 W.Va. 329, 480 S.E.2d 538 (1996).[1] We must keep in mind our earlier holding that

> "[t]he report of commissioners in such [a partition] suit is not final and may be set aside by the court. But when the court is asked to quash or set aside the report, on the ground that the commissioners erred in making their allotments, whereby an unequal partition has been made, it will not do so except in extreme cases – cases in which the partition is based on wrong principles, or it is shown by a very clear and decided preponderance of evidence, that the commissioners have made a grossly unequal allotment." Syllabus Point 4, *Henrie v. Johnson*, 28 W.Va. 190 (1886).

Syl., *Laurita v. Estate or Moran*, 216 W.Va. 400, 607 S.E.2d 506 (2004). Further, in a partition suit, the circuit court has jurisdiction to decide all questions of law and fact affecting the title in the land sought to be partitioned. *See Hudson v. Putney*, 14 W.Va. 561 (1878); *Shaffer v. Shaffer*, 69 W.Va. 163, 71 S.E. 111 (1911); W.Va. Code § 37-4-1.

On appeal, petitioners assert thirteen assignments of error. However, we will jointly address the assignments of error that relate to one another. Petitioners' first assignment of error is that the circuit court and commissioners erred in applying the wrong standard. However, in their reply, they clarify and state that they should have used the term "wrong principles," rather than "wrong standard." Petitioners assert that the circuit court intended for the commissioners to determine the fair market value of the property and make an equal division based on that value, as required by West Virginia Code § 37-4-3. They argue that the commissioners justified the unequal division of the Pliny property by stating that petitioners received more than half of the value potential of the Henderson property, as well as referring to potential value in multiple other places in their report. Petitioners contend that they brought this error to the attention of the circuit court, but that court wrongly justified the commissioners' use of potential value.

---

[1] As we have done in previous partition cases, we will construe the proceedings before the circuit court as a bench trial. The record does not indicate that either party moved for summary judgment in this case. Instead, the case was presented to the circuit court based upon objections to the report of the special commissioners, upon which a hearing was held. Thus, the disposition below is that of a judgment entered in a bench trial. *See Ark Land Co. v. Harper*, 215 W.Va. 331, 599 S.E.2d 754 (2004).

Petitioners also assert that the commissioners gave respondent the bulk of the crop land at Pliny and virtually all of the hill land with a river view at Henderson. In this assignment of error, and others, petitioners assert that potential value is an unlawful method of determining value in a partition action. They contend that no one knows the potential value of the Henderson hill land because it is undeveloped and is without utilities.

The presumption in favor of the correctness of the commissioners' report of partition is so strong that it must be permitted to stand in the absence of clear proof of substantial infirmity in it. *Feamster v. Feamster*, 123 W.Va. 353, 15 S.E. 159 (1941). We have also held that

> [a] partition of land shown by a report made by commissioners appointed for the purpose is presumed, in the absence of anything in the record or on the face of the report disclosing the contrary, to be equitable, just and fair in all respects, and the burden rests upon a party thereto objecting to confirmation of the report, to establish the contrary by a clear and decided preponderance of evidence in the form of affidavits, oral evidence taken at the bar of the court and reduced to writing, or in such other form as the court may direct. The commissioners are not bound to report the facts showing the fairness and equity of the partition.

Syl., *Alderson v. Horse Creek Coal Land Co.*, 90 W.Va. 637, 111 S.E. 589 (1922). Based upon the record before this Court, we cannot find that the circuit court abused its discretion in implicitly finding that petitioners failed to show by a preponderance of the evidence that the commissioners' report was not equitable and just or that the commissioners applied the wrong standard or principles in equally distributing the property.

Petitioners' second, third, fourth, fifth, sixth, eighth, ninth, and tenth assignments of error stem from the circuit court overruling petitioners' objections related to the following: the commissioners' division was grossly inequitable; the commissioners did not provide a basis for their finding that the division is equal in value; the commissioners' division prevents access by petitioners to their portion of the property; the commissioners placed no weight on petitioners' and their mother's historical use of the land and their sentimental attachments thereto; the commissioners' proposed division of property does not allow for two economically viable farms; the commissioners enforced irrelevant West Virginia law in the division; the commissioners improperly considered the minimal timbering experience of Petitioner William Douglas Brown as a rationale for their decision; and the commissioners' division gave most of the buildings and structures on the Pliny farm to respondent.

These alleged errors generally relate to the amount of crop land at each farm, the people who have engaged in farming on each piece of land, the maintenance and use of the structures on the pieces of land, vehicle access to some of the land, the potential use(s) of the pieces of land, and the general valuation of the various properties by the commissioners. Both parties presented expert testimony and/or reports, and the commissioners were in the best position to evaluate the same. As set forth above, the circuit court's factual findings relative to the commissioners' report and petitioners' objections thereto are reviewed under a clearly erroneous standard. Syl. Pt. 1, *Public Citizen, Inc.*, 198 W.Va. at 331, 480 S.E.2d at 540. Based upon the arguments and the record before this Court, we cannot find that the circuit court was clearly erroneous in adopting

3

the commissioners' report or overruling petitioners' objections to the same. Further, the circuit court is only to set aside the entire, or portions of, the commissioners' report in extreme cases. Syl., *Laurita*, 216 W.Va. at 400, 607 S.E.2d at 506. From the record, it appears that petitioners failed to show by a preponderance of the evidence that the commissioners' division was grossly unequal. Therefore, we find these alleged errors to be without merit.

Petitioners' seventh assignment of error is that the commissioners and the circuit court erred with regard to the National Historic Registry and the maintenance/restoration of General McCausland's house and the other structures on the common property. Petitioners state that the commissioners found that respondent and his son caused the bottom land and portions of the Pliny hill land to be designated as a historic farm on the National Historic Registry. However, they argue that the finding was erroneous because the consent and cooperation of the co-owner of the property would have been necessary to legitimately place General McCausland's house and the surrounding property, which are part of the Pliny farm, on the National Historic Registry. Petitioners argue that respondent held himself out to be the sole owner of the property when applying for the property's placement on the registry, but they contend that respondent allowed the home and multiple structures on the Pliny farm to fall into disrepair. Thus, they contend that the circuit court erred in citing the portion of the commissioners' report that states that respondent had maintained the historic structures on the farm and performed regular maintenance on the cattle barn, log barn, and other agricultural structures on the Pliny farm.

As set forth above, the circuit court's findings of fact are subject to a clearly erroneous standard. Syl. Pt. 1, *Public Citizen, Inc.*, 198 W.Va. at 331, 480 S.E.2d at 540. In this case, the commissioners viewed the land and structures in the presence of the parties and/or their representatives. The parties also had the opportunity to present testimony and evidence to the commissioners who issued their report. Therefore, the commissioners were in the best position to ascertain the condition of the property and structures thereon, including those addressed by petitioners. The circuit court heard petitioners' objections and found them to be without merit. Likewise, based on the record before us, we find that the circuit court was not clearly erroneous in concluding that respondent placed General McCausland's house and the surrounding land on the National Historic Registry and that he and his family performed maintenance on some of the structures on that property.

Their eleventh assignment of error is that the commissioners and the circuit court erred in failing to give petitioners notice of the time and place of the commissioners' deliberations, thus prohibiting petitioners from attending those deliberations. Petitioners point to a 1904 case from this Court, asserting that it requires the commissioners to give notice of the time and place when and where they will make the partition and conduct their meetings so the parties may protect their interests in such proceedings. *See Wamsley v. Mill Creek Coal & Lumber Co.*, 56 W.Va. 296, 49 S.E. 141 (1904). They contend that the commissioners were misled by arguments made by respondent and his counsel, which resulted in an unequal division. Petitioners argue that this could have been remedied if they had been given the opportunity to clarify the matter with the commissioners during their deliberations. However, we find petitioners' argument to be disingenuous considering that they participated in a six-day hearing before the commissioners of which they now complain. Therefore, it is clear that petitioners had ample opportunity to present their arguments to the commissioners prior to the issuance of the commissioners' report. In

4

addition to the hearing, petitioners were present or had the opportunity to be present when the commissioners viewed the land and could discuss matters of importance with the land at that time. It is clear from *Wamsley* that the concern was that the parties "be able to call to the attention of partition commissioners such facts and conditions as add materially to the value of particular portions of the real estate to be divided, or detract from such value, . . . such facts and conditions as might not be discovered or noticed by the commissioners . . ." *Id.*, 56 W.Va. at 305, 49 S.E. at 144. Because petitioners were afforded the opportunity to present such argument and testimony to the commissioners, we find that the circuit court did not abuse its discretion in failing to set aside the commissioners' recommendation on this ground.

In their twelfth assignment of error, petitioners argue that the trial court erred in overruling their objection that the entire procedure by which the commissioners' hearing was conducted was in error. Petitioners assert that nothing in West Virginia Code § 37-4-3 supports holding a six-day hearing in front of the commissioners in which numerous witnesses testify and various forms of evidence are presented, as occurred in the instant case. They also contend that during the hearing they learned that one of the commissioners, Commissioner Persinger, had a prior relationship with respondent's daughter and that he also knew respondent. Therefore, they call into question Commissioner Persinger's role as a disinterested party. However, petitioners do not point to any portion of the record wherein they objected to such hearing or Commissioner Persinger's role as a commissioner in this matter.[2] Therefore, we will not address this assignment of error.

Finally, petitioners' thirteenth assignment of error is that the circuit court erred in finding that petitioners were not permitted to submit additional evidence in support of their objections to commissioners' report and that even if additional evidence were permitted, it was insufficient to sustain petitioners' objections. Following the issuance of the commissioners' report, petitioners asked the circuit court to submit additional evidence, including the affidavit of an appraiser hired by petitioners to rebut information in the commissioners' report. Petitioners contend that while they were not permitted to introduce additional evidence before the circuit court, respondent was permitted to do so. The circuit court specifically found that petitioners' submissions were waived because they were not presented at the hearing before the commissioners. The largest piece of evidence petitioners wished to submit to the circuit court was an unverified contractor's estimate for the construction of a road to portions of the Pliny farm. There was no affidavit presented with that estimate.

> "The West Virginia Rules of Evidence and the West Virginia Rules of Civil Procedure allocate significant discretion to the trial court in making evidentiary and procedural rulings. Thus, rulings on the admissibility of evidence and the appropriateness of a particular sanction for discovery violations are committed to the discretion of the trial court. Absent a few exceptions, this Court

---

[2] Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that the argument section of petitioners' brief "contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal."

will review evidentiary and procedural rulings of the circuit court under an abuse of discretion standard." Syl. pt. 1, *McDougal v. McCammon*, 193 W.Va. 229, 455 S.E.2d 788 (1995).

Syl. Pt. 13, *State v. Rollins*, 233 W.Va. 715, 760 S.E.2d 529 (2014). In ruling on the submission of such evidence, the circuit court stated that recent case law indicated the inappropriateness of submitting new evidence with objections to the commissioners' findings. The circuit court went on to find that even if it considered the evidence, "the evidence would not be persuasive to sustain [petitioners'] objections." Based on the record before us, we cannot find that the circuit court abused its discretion in reaching this conclusion. Therefore, we find this alleged error to be without merit.

 For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 22, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Brent D. Benjamin

6